United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELECTRICAL INDUSTRY SERVICE BUREAU, INC., et al.,

Plaintiffs,

v.

MCGRATH ELECTRIC, INC.,

Defendant.

Case No. 26-cv-07260-WHO

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Re: Dkt. No. 16

Before me is plaintiffs' motion for default judgment seeking to collect unpaid and delinquent union trust fund contributions, interest thereon, liquidated damages, and attorney fees and costs. Defendant McGrath Electric, Inc. has not appeared in this case and no opposition to the motion has been filed. I find that this motion is suitable for decision without oral argument and VACATE the hearing scheduled for November 18, 2026. *See* Civ. L. R. 7-1(b).

Having considered the motion for entry of default judgment, the supporting declarations, and the full record of this case including the complaint and proof of service, I GRANT plaintiffs' motion for entry of default judgment. Dkt. No. 16.

**BACKGROUND**

Plaintiffs are trust funds seeking to recover payments due to them from defendant McGrath Electric, Inc. Plaintiffs allege that McGrath failed to provide fringe benefit contributions required under its assent to collective bargaining agreements and trust fund agreements with Local 6 of the International Brotherhood Of Electrical Workers, AFL-CIO. Complaint, ¶¶ 10-15. Plaintiffs allege that under the CBA and Trust Agreements, defendant is required to file reports and make trust fund contributions on or before the tenth (10th) day of the following month in which the hours were performed, failure to make timely payments entitle plaintiffs to seek past due payments

as well as liquidated damages (20% except for 6% for vacation delinquencies) and annual interest (10%) on unpaid contributions, as well as actual and reasonable attorney's fees and related costs. Compl. ¶¶ 12-13, 15.

On July 15, 2026, plaintiffs filed their Complaint, alleging that McGrath failed and refused to pay full timely contributions for hours worked by its employees from August 2025 through May 2026. Compl. ¶ 16. They seek to recover unpaid contributions, liquidated damages, interest on the delinquent or unpaid contributions, and attorney fees and costs. *Id.* ¶¶ 13, 15, 17, 18. The Complaint and summons were served on McGrath service on July 31, 2026. Dkt. No. 7. On September 14, 2026, the Clerk of the Court entered default against McGrath. Dkt. No. 14. On October 2, 2026, plaintiffs filed their motion for default judgment. Motion for Default Judgment ("Mot.") [Dkt. No. 16]. The motion was served by mail on McGrath. Dkt. No. 16 at pg. 10.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted). Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th

Cir. 1987). Where a default judgment is granted, the scope of relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. 54(c).

**DISCUSSION**

## I. JURISDICTION

I have subject matter jurisdiction over this action pursuant to 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act ("LMRA") (granting labor union organizations power to sue employers in federal court) and 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), and 1145 (§§ 502(a)(3), 502(e)(1) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (empowering plan fiduciaries to bring civil actions to enforce plan terms). Personal jurisdiction exists over McGrath, a California corporation and employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5) and venue is proper here. Compl. ¶ 2 ("Plaintiff Trust Funds are administered in this District (City and County of San Francisco) and the Defendant conducts business in this District.").

## II. SERVICE OF PROCESS

McGrath was served with the Complaint and summons at 2800 Industrial Dr Fairfield, CA 94533 on July 21, 2026. Dkt. No. 7.

## III. *EITEL* FACTORS

### A. Factor One: Possibility of Prejudice to Plaintiffs

If relief is not granted, plaintiffs would be unable to recover the plan contributions or otherwise enforce the agreements with McGrath. This potential prejudice to plaintiffs weighs in favor of granting a default judgment.

### B. Factors Two and Three: Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint

These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover. With the exception of facts relating to damages, courts must take as true all other factual allegations pleaded in the complaint. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

The Complaint states cognizable claims for relief. Taking the allegations in the Complaint

United States District Court
Northern District of California

United States District Court
Northern District of California

as true, and as supported by the attachments to the Complaint and the declarations submitted with the Motion, plaintiffs have made a strong showing of likelihood of success on the merits. The second and third *Eitel* factors weigh in favor of granting a default judgment.

**C. Factor Four: The Sum of Money at Stake in the Action**

In their motion for default judgment, plaintiffs seek (i) unpaid principal fringe benefit contributions in the total amount of $171,018.53; (ii) liquidated damages in the amount of $111,136.53; (iii) prejudgment interest in the amount of $20,227.82; and (iv) attorneys' fees and costs in the amount of $3,915.00. Declaration of Tracy Hu [Dkt. No. 16-1] ¶ 23; Declaration of Manual Alcantar-Robles [Dkt. No. 16-3] ¶¶ 6-7.

Plaintiffs demonstrate with supporting evidence that they are entitled to these amounts. The amount of damages at stake is appropriate and reasonable and is authorized under 29 U.S.C. § 1132 and the Bargaining Agreement and Trust Agreements. *See Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989); *Northwest Administrators, Inc. v. Albertsons, Inc.*, 104 F.3d 253, 257–58 (9th Cir. 1996). The fourth *Eitel* factor weighs in favor of granting a default judgment.

**D. Factor Five: The Possibility of a Factual Dispute**

Upon entry of default, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir.2007) (citing Fed. R. Civ. P. 55(a)). Plaintiffs properly effected service of process on McGrath and McGrath was given ample opportunity to respond to the Complaint and participate in the proceedings. McGrath's "obligations under the collective bargaining agreement are clear" and "the possibility for any factual disputes is unlikely." *Bd. of Trustees of U.A. Loc. No. 159 Health & Welfare Tr. Fund v. RT/DT, Inc.*, No. C 12-05111 JSW, 2013 WL 2237871, at *6 (N.D. Cal. May 21, 2013). The fifth *Eitel* factor weighs in favor of granting a default judgment.

**E. Factor Six: Excusable Neglect**

As discussed above, McGrath was properly served with the summons and Complaint. There is no indication that McGrath's failure to defend the litigation is the result of excusable neglect. This factor weighs in favor of granting a default judgment.

### F. Factor Seven: Policy Favoring Decision on the Merits

Cases should be decided upon their merits whenever reasonably possible. *See Eitel*, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (citation omitted); *see also* Fed. R. Civ. P. 55(b) (providing that the "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). Because McGrath has not participated in the proceedings, a decision on the merits would not otherwise be possible. In this situation, Rule 55(b) permits me to grant default judgment.

In sum, the *Eitel* factors weigh in favor of granting plaintiffs' motion for default judgment.

## IV. RELIEF SOUGHT

Once liability is established through a defendant's default, a plaintiff is required to establish that the requested relief is appropriate. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Here, plaintiffs seek recovery of unpaid principal fringe benefit contributions in the total amount, liquidated damages, prejudgment interest, attorneys' fees and costs. They also seek "an order permanently enjoining Defendant for so long as they remain obligated to contribute to Plaintiffs' Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contribution reports and payments as required by the terms of the CBA and Trust Agreements." Mot. at 2.

Through the declaration of Tracy Hu, Dkt. No. 16-1, plaintiffs identify the amount of unpaid contributions due for each month from August 2025 through August 2026, show how partial payment was allocated, and how liquidated damages and interest accrued for each month. Hu Decl., ¶¶ 10-22. In total, plaintiffs seek unpaid principal ($171,018,41), liquidated damages ($111,136.53) and interest ($20,227.82). *Id.*, ¶ 23 & Exs. D-L. Plaintiffs' showing is sufficient. Plaintiffs have also shown they are entitled to a reasonable amount of attorney fees incurred in bringing this case and to recover their $405 filing fee cost. Alcantar-Robles Decl., ¶¶ 3-7. The hourly rate sought ($225.00) and hours expended (15.6) are reasonable.

Plaintiffs have not addressed or justified their need for injunctive relief to "permanently enjoin" McGrath from violating their obligations under the CBA and trust agreements. The

request is mentioned only once, in the motion's introduction. Plaintiffs have not identified any facts or legal justification supporting injunctive relief.

**CONCLUSION**

Plaintiffs' motion for default judgment is GRANTED. Plaintiffs are entitled to: (i) unpaid principal fringe benefit contributions in the total amount of $171,018.53; (ii) liquidated damages in the amount of $111,136.53; (iii) prejudgment interest in the amount of $20,227.82; and (iv) attorney fees and costs in the amount of $3,915.00. A separate judgment will be entered.

**IT IS SO ORDERED.**

Dated: November 16, 2026

William H. Orrick
United States District Judge